IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) Case No. 1:25-mj-14<br>FRANCO NAVARRO, )<br>)<br>)<br>Defendant. ) | |

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Corporal Jay Vannelli, being duly sworn, state the following:

1. I entered on duty with the Central Intelligence Agency Police ("CIA Police") in February 2008. Upon joining CIA Police, I completed Uniformed Police Training Program and the Federal Law Enforcement Training Center. I am a federal law enforcement officer as provided in 50 U.S.C. § 3515(a)(1).

2. This affidavit is submitted in support of a criminal complaint charging FRANCO NAVARRO with trespassing at the New Dominion installation in Herndon, Virginia, in violation of 32 C.F.R. § 1903.7(a), which prohibits entering or remaining on an Agency installation without proper authorization.

3. The facts and information contained in this affidavit are based upon my personal knowledge and observations during the course of this investigation, information conveyed to me by other individuals, including law enforcement officers, and my review of records, documents, and other physical evidence obtained during the investigation. This affidavit contains information

1

necessary to support probable cause, and it is not intended to include each and every fact and matter observed by me or known to the government.

4.  On Wednesday, January 15, 2025, at approximately 1:05 a.m., I was positioned in the lobby of the New Dominion 2 building within the New Dominion installation, located in Herndon, Virginia, within the Eastern District of Virginia. The New Dominion installation is an Agency installation as defined in 32 C.F.R. § 1903.1 because it is a facility owned, leased, or controlled by the CIA. The main vehicle and pedestrian entrance of the New Dominion installation is located off Grove Street, and at the intersection a sign is posted reading:

U.S.

GOVERNMENT

CONTROLLED

PROPERTY

----------------------

NO

TRESPASSING

Beyond that sign, further signs are posted on the fence line and on nearby signposts stating that the installation is a restricted government installation and that certain items are prohibited, citing 32 C.F.R. Part 1903.

5.  I observed a camera alert from the installation's video security system that motion was detected near a fence line. I then observed a live video feed of an individual walking across the parking lot, which is interior to fencing surrounding the buildings and parking lots. I then rewound the video feed and saw that this same individual had just climbed over the perimeter fence

line and proceeded to walk further into the New Dominion 2 parking lot. This perimeter fence is at least 8 feet tall and contains at the top barbed wire and other deterrent features.

6. I then exited the New Dominion 2 building's front entrance and walked into the parking lot. I then observed an individual who visually matched the description of the individual I had observed on the camera feed. This individual was the only person I observed in the parking lot at that time. I approached the individual, who was already walking towards my location. I identified myself and asked the individual why he had jumped over the fence, and he replied that he was trying to find his way home from a bar. I asked the individual to identify himself, and he told me his name was FRANCO NAVARRO. Based on my training and expertise, I believed NAVARRO was likely intoxicated due to his slurred speech and an odor of alcohol and marijuana, but I was able to freely converse with him. I placed NAVARRO in handcuffs and while searching his pockets, I found a debit card with the name FRANCO NAVARRO, but I did not find a wallet. NAVARRO was wearing a hoodie, and I observed that the hoodie's front center pocket was ripped open at the bottom.

7. I then placed NAVARRO under arrest for trespassing and another officer on scene took control of NAVARRO for processing. I was later made aware that another officer found a wallet and keys sitting on the ground near the fence near the location I observed in the video feed where NAVARRO climbed over the fence. I was made aware that this wallet contained photo ID belonging to NAVARRO.

8.  Based on the foregoing, I submit there is probable cause to believe that on January 1, 2025, within the Eastern District of Virginia, FRANCO NAVARRO did enter or remain on an Agency installation without proper authorization, in violation of 32 C.F.R. § 1903.7(a).

Corporal Jay Vannelli
Central Intelligence Agency Police

Subscribed and sworn to before me
This 15th day of January 2025.



Digitally signed by Ivan Davis
Date: 2025.01.15 13:49:11 -05'00'

The Honorable Ivan D. Davis
United States Magistrate Judge
Alexandria, Virginia

4